IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ZEBBIE CARTER | § | |
| v. | § | CIVIL ACTION NO. 6:15cv478 |
| DIRECTOR, TDCJ-CID | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Petitioner Zebbie Carter, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his continued confinement. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

In his petition, Carter complains of the denial of release on mandatory supervision. He complained that the parole panel used an incorrect review procedure and relied on insufficient evidence in deciding not to release him, thus rendering his good time credits worthless. Carter asserts that he has been denied release on mandatory supervision four times, based on what he terms "the exact same stenciled boilerplate recital reasons" to deny his release.

The Respondent's answer contended that under the law in effect at the time of Carter's conviction, a prisoner cannot be released to mandatory supervision if a parole panel determines that the inmate's accrued good conduct time is not an accurate reflection of the inmate's potential for rehabilitation and the inmate's release would endanger the public. He was notified on October 7, 2014, that he was eligible for discretionary mandatory supervision and given the opportunity to submit information to the Board. On December 9, 2014, the Board of Pardons and Paroles denied

1

Carter release on mandatory supervision based on findings that his accrued good conduct time was not an accurate reflection of his potential for rehabilitation. The Respondent argued that Carter was provided with due process and that he is simply dissatisfied with the result. Carter did not file a response to the answer.

After review of the pleadings, the magistrate judge issued a report recommending that the petition for habeas corpus relief be denied. The magistrate judge observed that the Parole Board is not required to specify the particular evidence relied upon in reaching the discretionary determination that he is not ready for conditional release and that Carter received all the notification to which he was entitled. The magistrate judge also determined that Carter's claim of deprivation of property in the form of his good conduct time credits lacked merit because these time credits were not taken from him without due process, but instead served their intended purpose of making him eligible for consideration for discretionary mandatory supervision release.

Carter did not file objections to the magistrate judge's report; accordingly, he is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has reviewed the pleadings in this cause and the report of the magistrate judge. Upon such review, the Court has determined that the report of the magistrate judge is correct. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918, 109 S.Ct. 3243 (1989) (where no objections to a magistrate judge's report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law.") It is accordingly

**ORDERED** that the report of the magistrate judge (docket no. 13) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled application for the writ of habeas corpus is **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that the Petitioner Zebbie Carter is **DENIED** a certificate of appealability *sua sponte*. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED.**

**SIGNED this 8th day of June, 2016.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE